### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMERICAN NATIONAL LIFE INSURANCE COMPANY OF TEXAS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOSHUA HELVEY, )<br>)<br>Defendant. )<br>) | Case No. 11-4061-JAR-KGG |

### MEMORANDUM AND ORDER

Plaintiff American National Life Insurance Company of Texas filed this suit in June 2011 against Defendant Joshua Helvey, one of its insured, seeking a declaratory judgment that it has no liability to Defendant for a claim Defendant submitted under an insurance policy. On September 8, 2011, Defendant filed a Motion to Dismiss for Lack of Jurisdiction, claiming that there is no diversity between the parties and that the amount in controversy does not exceed $75,000.[1] Plaintiff sought and was granted several extensions of the response deadline and on November 30, 2011, Plaintiff sought another extension (Doc. 20) and moved to dismiss the case without prejudice (Doc. 21). Defendant opposes both of Plaintiffs' pending motions, arguing that any dismissal should be with prejudice and urging the Court to rule on its motion to dismiss for lack of jurisdiction.

Under Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." "The rule is designed primarily to

---

[1] *See* 28 U.S.C. § 1332.

prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."[2] "Absent legal prejudice to the defendant," the Court ordinarily should grant a voluntary dismissal.[3]  Relevant factors to determining legal prejudice include:

> the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation.  Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper.[4]

Here, there is no indication that Defendant has expended effort and expense in preparing for trial.  The scheduling conference was continued in light of the pending motions and no trial date has been set.  There is also no indication of excessive delay by Plaintiff.  While Plaintiff has been granted several motions for extension of time, the basis of those motions has been the parties' continued efforts at reaching a settlement in this matter.  All of the prior motions for extensions of time were unopposed.  The Court does not find that the approximate two-month delay in responding to Defendant's motion to dismiss, a period of delay to which Defendant acquiesced, constitutes excessive delay or lack of diligence.  While Plaintiff does not provide an explanation for the dismissal, it has repeatedly represented to the Court that the parties are in discussions to resolve their claims.  Given the early stage of this litigation and the fact that the parties appear poised to resolve this suit, the Court does not require a more detailed explanation from Plaintiff.   Prejudice "does not arise simply because a second action has been or may be

---

[2] *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quotation omitted).

[3] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (quotation marks omitted).

[4] *Id.*

filed against the defendant, which is often the whole point in dismissing a case without prejudice."[5]  The Court has considered all of the salient factors and finds that Defendant will not suffer legal prejudice if the Plaintiff's motion to dismiss is granted.  Because the Court grants Plaintiff's motion to dismiss, Defendant's motion to dismiss and Plaintiff's motion for extension of time are both moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Dismiss Without Prejudice (Doc. 21) is **granted**.  The case is hereby dismissed without prejudice, each party to bear its own fees and costs.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 11) and Plaintiff's Motion for Extension of Time to File Response (Doc. 20) are **moot**.

Dated: December 8, 2011

 S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE

---

[5]*Brown*, 413 F.3d at 1124 (citation omitted).